UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WILLIE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:12CV574 |
| | ) |
| CRYSTAL ANDERSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion to Remand (ECF No. 9) and Defendants' Motion to Dismiss (ECF No. 4). Plaintiff, Willie Williams brought this action against Crystal Anderson, Debbie Robertson, and Joshua Bracey, as individuals and against Uppy's Convenience Stores, LLC ("Uppy's") as the employer of the individual defendants. Plaintiff alleges the individual defendants are liable for making defamatory statements against him and violating his right to public accommodations and the privilege of contract, and that Uppy's is liable under theory of respondeat superior as the employer of the individual defendants. Defendants removed this case to federal court and collectively move to dismiss the action. Plaintiff moves to remand the action to the Sussex County Circuit Court. The motions have been fully briefed and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the

1

decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons to follow, both motions are GRANTED IN PART and DENIED IN PART AS MOOT.

## I. BACKGROUND

On February 8, 2011, Plaintiff went to the Wakefield Uppy's store to purchase gasoline. Am. Compl. ¶6. He entered the store and gave Defendant Crystal Anderson twenty dollars to prepay his gasoline purchase. Am. Compl. ¶ 6. When he returned to pump his gasoline, Plaintiff was unable to operate the pump, even though it appeared to have been activated. Am. Compl. ¶ 7. Plaintiff returned to the store, where Ms. Anderson told him "[y]ou already pumped your gas . . . here is your change." Am. Compl. ¶ 8. Plaintiff attempted to explain the pump did not work and that he received no gas. Am. Compl. ¶ 8. Ms. Anderson responded that the register indicated Plaintiff received $10.48 worth of gas and tendered him $9.52 in change. Am. Compl. ¶ 8.

Ms. Anderson's manager, Defendant Debbie Robertson, appeared and Plaintiff explained what happened again. Am. Compl. ¶ 9. After Ms. Robertson stated she reviewed the surveillance tape, she directed Ms. Anderson to return Plaintiff's twenty dollars. Am. Compl. ¶ 9. At the time she returned the money, Ms. Anderson "proclaimed loudly to all within hearing 'he is nothing by a liar and a thief.'" Am. Compl. ¶ 9. Plaintiff asserts between ten and fifteen persons were in the store and within earshot of the remark. Am. Compl. ¶ 9. As Plaintiff was leaving the store, Ms. Robertson shouted "Don't come back in my store . . . as a matter of fact, don't set foot on the property!" Am. Compl. ¶ 9.

Plaintiff asked Ms. Robertson for the address and telephone number of her

supervisor, to which she responded "I am not giving it to you, figure it out yourself!" Am. Compl. ¶ 11. Plaintiff found the number and called Ms. Robertson's supervisor, Defendant Joshua Bracey. Am. Compl. ¶ 11. Mr. Bracey indicated he regretted the incident occurred, but intended to uphold the ban as Ms. Robertson stated. Am. Compl. ¶ 11. Several days later, Plaintiff received a letter dated February 9, 2011 from Mr. Bracey barring Plaintiff from all properties owned by Uppy's. Am. Compl. ¶ 12. The letter indicted it was also sent to the Sussex County Sheriff's Department. Am. Compl. ¶ 13. The pertinent language in the letter states:[1]

> This letter serves as official notification of our decision to permanently ban you from our Uppy's Convenience Store located at 111 County Drive, Wakefield, Virginia and from all other premises belonging to Uppy's Convenience Stores, LLC.
>
> We regret the need to take such action; however, recent incidents involving you at the aforementioned location have provided cause to determine that this is in the best interest of our associates, customers and our ability to conduct business in a normal manner.

Defs.' Mem. Supp. Mot. Dismiss Ex. D.

Plaintiff states "at the bottom of this confrontation and the outrageous branding of him as a liar and a thief, was the issue of race, in that he is African American and the two

---

[1] Though Plaintiff indicated the letter was attached to the Amended Complaint, Am. Compl. ¶ 12, the documents provided from the state court with the Notice of Removal do not include the letter. Defendants attached a copy of the letter to their Motion to Dismiss and it may be considered by this Court because it was referenced in, and is integral to, the complaint. See Am. Compl. ¶ 12. In reviewing a motion to dismiss under Rule 12(b)(6), the Court may consider a document not included with the complaint if "it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks omitted) (citing *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). The plaintiffs do not dispute the authenticity of the Letter attached to the Defendants' Motion to Dismiss. Accordingly, this Court may consider the letter at the 12(b)(6) stage. See *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) ("[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.")

store employees Crystal and Debbie as well as Joshua Bracey . . . are white. That calling him a liar and a thief was tantamount to using a racial "epithet" and Plaintiff so alleges." Am. Compl. ¶ 14. Plaintiff further alleges he was defamed by the public accusation that he was a liar and a thief. Am. Compl. ¶ 15.

The Amended Complaint does not lay out specific causes of action, but concludes with a section entitled "Relief" stating:

> Plaintiff respectfully submits that he has been without cause or reason slandered, defamed and libeled in his person and caused grievous injury by the several Defendants and without cause barred from certain public accommodations and denied the privilege of contract, which rights and privileges are guaranteed to him under both the Constitution of Virginia and the Constitution of the United States.

Am. Compl. 5.[2]

The original complaint did not include any mention of public accommodations, the privilege of contract, or the Constitution of the United States. Defendants removed this action to federal court on August 10, 2012, within thirty days of the filing of the Amended Complaint and filed a Motion to Dismiss the case as time barred, in part, and for failure to state a claim. Plaintiff subsequently filed a Motion to Remand the case to the Sussex County Circuit Court. Each motion is discussed in turn below.

## II. MOTION TO DISMISS

Federal law claims alleged in the complaint would allow the Court to exercise supplemental jurisdiction over state law claims alleged because all claims arise out of the same factual allegations. *See* 28 U.S.C. § 1367; *United Mine Workers Am. v. Gibbs*, 383

---

[2] This citation refers to page five of the Amended Complaint, which does not include numbered paragraphs. All further citations to "Am. Compl. 5" refer to page five of the Amended Complaint.

U.S. 715, 725 (1966). The continued existence of the federal claims in this case is therefore significant to the Motion to Remand on the state law claims. Defendants move to dismiss the federal and state law claims in their Motion to Dismiss. Accordingly, the Court addresses the Motion to Dismiss with respect to the federal law claims first.

### A. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 of the Federal Rules requires a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations;" *Twombly*, 550 U.S. at 554, neither does it need to be supported by evidence, *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Yet "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotation marks omitted).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009). A complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the alleged misconduct. *Twombly*, 550 U.S. at 556; *see also Iqbal*, 556 U.S. at 678. In resolving a Motion to Dismiss, a court must regard as true all of a plaintiff's well-pleaded allegations. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court does not have to accept

legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. 678. With these principles in mind, this Court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

## B. DISCUSSION

Plaintiff's Amended Complaint and subsequent pleadings are devoid of a specific cause of action giving rise to his "public accommodation and privilege of contract" claims.[3] The most he states is that these rights are guaranteed to him under the Constitution of the United States. Am. Compl. 5. In support of these contentions, he apparently relies on the allegation that the actions of the defendants were racially motivated. Am. Compl. ¶ 14. The likely cause of action giving rise to Plaintiff's claims is therefore 42 U.S.C. § 1981.[4] Under this cause of action, the claim must be dismissed

---

[3] The Court nevertheless holds Plaintiff alleges claims arising under federal law. The Amended Complaint seeks relief stating:

> [H]e has been without cause or reason slandered, defamed and libeled in his person and caused grievous injury by the several Defendants and without cause barred from certain public accommodations and denied the privilege of contract, which rights and privileges are guaranteed to him under both the Constitution of Virginia and the Constitution of the United States.

Am. Compl. 5. The Court construes this language as asserting a state law defamation claim and state and federal constitutional claims based on a right to public accommodations and privilege of contract. In fact, Plaintiff concedes as much, stating in his Motion to Remand, "Plaintiff invoke[s] *both State and Federal* rights to visit a place of public accommodation were taken away from him without cause." Mot. Remand 1 (emphasis added). Plaintiff therefore asserts claims arising under the Constitution and federal law, granting this Court jurisdiction under 28 U.S.C. §1331.

[4] 42 U.S.C. § 2000a, creating a private cause of action to remedy discrimination in public accommodations affecting interstate commerce, provides only for injunctive and declaratory relief. *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 401–02 (1968). Plaintiff's Amended Complaint seeks only compensatory and punitive damages, not declaratory or injunctive relief, and therefore does not seek

for failure to state a claim.

In order to plead a claim under § 1981, Plaintiff must allege that he is a member of a racial minority, that the defendants' actions were because of his race, and that their discrimination was intentional. *Jordan v. Alternative Res. Corp.*, 458 F.3d 332 (4th Cir. 2006) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). The only allegations Plaintiff pleads regarding racial discrimination are that: (1) Plaintiff is African American and the individual defendants are white; (2) at the bottom of the confrontation and statement that he was a "liar and a thief" was the issue of race; and (3) calling him a "liar and a thief" was tantamount to using a racial epithet. The first allegation is a factual allegation, however that the confrontation was based on the issue of race and that calling him a liar and a thief was a racial epithet are nothing more than conclusory statements representing his personal belief. These conclusions are not accepted as factual allegations. *See Iqbal*, 556 U.S. 678; *E. Shore Mkts., Inc.*, 213 F.3d at 180. Plaintiff accordingly fails to plead sufficient facts to support a claim under § 1981 and his federal claims asserting violation of his right to public accommodations and the privilege of contract are DISMISSED.

### III.   MOTION TO REMAND

#### A. LEGAL STANDARD

A case originating in state court may be removed to federal court if the district court has subject-matter jurisdiction on the basis of the existence of a federal question or

---

relief under § 2000a. *See* Am. Compl. 5. 42 U.S.C. § 1983, providing a cause of action for individuals to seek redress for constitutional violations, applies only to defendants who acted "under the color of state law." Uppy's and the individual defendants are private defendants, falling outside the purview of § 1983.

diversity. 28 U.S.C. §§ 1331, 1332, 1441(a). Federal question jurisdiction requires that a civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

"[R]emoval jurisdiction raises significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Accordingly, district courts should strictly construe removal jurisdiction. *Id.*; *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005). If there is any doubt as to the district court's jurisdiction, the case should be remanded to state court. *Mulcahey*, 29 F.3d at 151.

### B. DISCUSSION

As the Court dismisses all claims over which it has original jurisdiction,[5] the Court declines to exercise jurisdiction over the remaining state law claims. A district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). The claims remaining after dismissal of the federal public accommodation and privilege of contract claims consist solely of claims arising under state law. The Court declines to exercise supplemental jurisdiction over the state law claims and finds the Motion to Remand with respect to the federal law claims is moot due to the claims' dismissal above.

---

[5] The Motion to Dismiss was granted on all federal claims and it appears the individual defendants and the plaintiff are all citizens of Virginia resulting in a lack of diversity jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss and Plaintiff's Motion to Remand are GRANTED IN PART and DENIED IN PART AS MOOT. Specifically, all federal law claims are DISMISSED and the Motion to Dismiss with respect to all state law claims is DENIED AS MOOT. The Motion to Remand with respect to the federal law claims is DENIED AS MOOT and the state law claims are REMANDED to the Sussex County Circuit Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Dated: Nov. 26 2012
Richmond, Virginia